**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Kenneth Brazier,<br><br>          Plaintiff,<br><br>vs.<br><br>Maricopa County Sheriff's Office, et. al.,<br><br>          Defendants. | No. CV 04-1678-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the Plaintiff's Motion to Reconsider (doc. 55). The Court now rules on the motion.

I.      Background

On August 12, 2004, the Plaintiff, Thomas Kenneth Brazier, filed this action *pro se* pursuant to 42 U.S.C. § 1983. On November 30, 2005, the Defendants moved for summary judgment on the Plaintiff's remaining claim on the basis that the Plaintiff failed to exhaust his administrative remedies prior to filing this action. Alternatively, the Defendants moved for summary judgment on the grounds that: (1) the Plaintiff has not alleged facts amounting to deliberate indifference; and (2) a cause of action for negligent failure to protect is not actionable under 42 U.S.C. § 1983. The Plaintiff filed his Response and exhibits opposing summary judgment on March 7, 2006.

On March 22, 2006, this Court granted the Defendants Motion for Summary Judgment. On May 1, 2006, the Plaintiff filed a Motion to Reconsider.

## II. LEGAL STANDARD AND ANALYSIS

A motion seeking reconsideration of a grant of summary judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985). The Court has discretion to reconsider and, if appropriate, vacate an order granting summary judgment. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992).

Reconsideration is only appropriate if: (1) the court is presented with newly discovered, previously unavailable, evidence; (2) the court committed a clear error of law and the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993). Reconsideration may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment. *See, e.g., See, e.g., Fed. Deposit Ins. Agency v. World Univ.,* 978 F.2d 10, 16 (1st Cir. 1992); *accord Backlund,* 778 F.2d at 1388. Additionally, any motion to reconsider pursuant to Rule 59(e) must "be filed no later than 10 days after entry of the judgment."

In this case, judgment was entered on March 22, 2006. The Plaintiff filed his Motion to Reconsider on May 1, 2006. Accordingly, the Plaintiff's motion was untimely filed. Additionally, the Plaintiff's Motion for Reconsideration nothing more than a re-argument of the facts previously presented to the Court in the Plaintiff's Opposition to the Defendants' Motion for Summary Judgment. Rule 59 motions cannot be used to ask the Court "to rethink what the court has already thought through," merely because a plaintiff disagrees with the Court's decision. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983); *See Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F.Supp. 6, 8 (N.D. Ill. 1983). Such disagreements should be dealt with in the normal appellate process. *Database Am., Inc. v. Bellsouth Adver. & Pub'g Corp.,* 825 F.Supp. 1216, 1220 (D. N.J. 1993); *Refrigeration Sales Co,* 605 F.Supp. at 7.

/ / /

1  The Plaintiff has failed to present this Court with cause to reconsider its March 22,
2  2006, Order granting the Defendants' Motion for Summary Judgment and entering judgment
3  in favor of the Defendants.
4  Accordingly,
5  IT IS ORDERED DENYING the Plaintiff's Motion to Reconsider (doc. 55).
6  DATED this 22nd day of May, 2006.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge